NO.

PATRICK ALAN JACKSON )    UNITED STATES DISTRICT COURT
(PETITIONER)          )
                      )
V.                    )    SOUTHERN DISTRICT
                      )                          United States Courts
THOMAS POWELL, HIROMICHI )                       Southern District of Texas
KOBAYASHI, MICHAEL CARAVAJAL, )                     F I L E D
AND THE UNITED STATES  )               MAY 31 2022
DEPARTMENT OF JUSTICE BUREAU OF )
PRISONS, ET AL.       )                Nathan Ochsner, Clerk of Court
(RESPONDENTS)         )    HOUSTON, TEXAS

---

ORIGINAL PETITION FOR THE TORTIOUS ACT OF NEGLIGENCE AND
BREACH OF DUTY OF DUE CARE CAUSING PERSONAL INJURY, AND
ABUSE OF DISCRETIONARY POWER

---

1. Discovery

Inasmuch as systemic failures (e.g. no typewriter ribbon and limited access to a typewriter) at FDC Houston have hindered Petitioner's ability to adequately and timely prepare this writing and inasmuch as Petitioner is being transferred within days to another facility within the BOP, Petitioner did not include Duces Tecum and Interrogatories with this filing. Petitioner will serve Respondents as soon as is practical upon arrival and orientation at the future BOP facility.

2. Parties

This suit is brought by Patrick Alan Jackson, pro se, and so brought with the aid of a "McKenzie Friend".

The last three numbers of Patrick Alan Jackson's Federal Registration Number are 078.

The last three numbers of Patrick Alan Jackson's social security number are 086.

Thomas Powell, Hiromichi Kobayashi, Michael Caravajal, and the Department of Justice Bureau of Prisons, et al. are Respondents.

original petition
page 2

Thomas Powell is an employee of the Bureau of Prisons and serves as the Medical HSA at FDC Houston. Hiromichi Kobayashi is an employee of the Bureau of Prisons and serves as Warden at FDC Houston. Michael Caravajal is the Presidential Appointee who serves as the Director of Bureau of Prisons and designated Respondeat Superior.

3. Domicile

Petitioner has been a domiciliary incarcerated at FDC Houston for the preceding six-month period and a resident of Harris County for the preceding 90-day period.

4. Service

Process should be served on Respondents at:

FDC Houston
1200 Texas Ave.
Houston, TX 77052

5. Jurisdiction

Pursuant to the Federal Tort Claims Act (28 USCA Secs. 2671-2680) Federal District Courts have jurisdiction in matters of injury to inmates wherein there are questions of breach of duty of due care and abuse of discretionary power resulting in bodily injury, (torts).

This matter would be heard in State District Court in Texas had a private person acted in this fashion, liable as medical malpractice.

This issue is sourced by and through circumstances and events "had-and-maintained" at FDC Houston.

Michael Caravajal is vicariously responsible as Respondeat Superior and subject to long-arm jurisdiction.

6. Dates

Dies a Quo - (11-18-2020)
Dies ad Quem - (03-25-2022)

original petition
page 3

    [Petitioner is within the statutory six-month period inasmuch
    as the date of denial of Petitioner's Form-95 Claim was on
    03-25-2022]

7.  Grounds for Claim

    Culpable Negligence; Breach of Duty; Outrageous Conduct; Will-
ful and Wanton Misconduct; Emotional Distress. (Sciendum est) - -

    Respondents, by operation of law (18 USCA Secs. 4041 et seq.),
are directly responsible and vicariously responsible for the day-to-
day functions of Health Care at FDC Houston. "Dignitas" is specific
and irrefutable; Respondents have a legal duty of due care to the
Petitioner.

    Inasmuch as Respondents have the capacity to distinguish
between right and wrong sufficient to make Respondents responsible
for their actions; and, inasmuch as Respondents had and maintained
the power to act in certain circumstances according to their perso-
nal judgment and conscience and so do in official capacity; and,
inasmuch as the "Petitioner" did appropriately and timely give to
Respondents (and so do frequently and on numerous occasions) the
Inmate's Request-of-Staff (CopOut); and, inasmuch as Petitioner did
also appropriately and timely give to Respondents frequent and num-
erous Requests-for-Informal-Resolution followed by BP-8s and BP-9s;
and, inasmuch as Respondents were made aware and became cognizant
of Petitioner's eventual desperate need to request help from Pys-
chology Services due to -- pain and distress so severe -- no reas-
onable person could be expected to endure such pain and distress
at that level of intensity -- and of greater import, for the un-
reasonable duration of some Eighteen (18) months; and, inasmuch as

original petition
page 4

throughout the eighteen (18) month duration and with various Administrative Processes consistently failing to avail Petitioner or provide him hope or promise of resolution of his concerns regarding his deteriorating and humiliating condition, Petitioner began an aggressive program of pursuing medical staff during sick-call, pill-line, Friday Staff Mainline, careful never to importune staff; and, inasmuch as Petitioner was constantly met with hostility and in particular, Petitioner was consistently met with contumely and vitriol from Respondent Thomas Powell and to which such callousness placed Petitioner in a depression of spirits and caused feelings of torment and anguish, shame and humiliation, anger, disappointment, worry and nausea tetering on the edge of a zone of psychological danger; Therefore,

Respondents are blameworthy in every fact and circumstance necessary for all and singular constituent elements of Petitioner's Claims of Culpable Negligence, Breach of Duty, Outrageous Conduct, Willful and Wanton Misconduct, and Emotional Distress.

[Respondents' behavior imputes absolute "compos mentis" in their borderline violation of Federal Rule of Civil Procedure, Page 8 (e)(2), intentional infliction of emotional distress and negligent infliction based on the same conduct.]

8. Statement of Cause of Action

Eye infection, (of unknown viral or bacterial source), from exposure while in quarantine from 10-08-2020 thru 10-28-2020 and to which FDC Houston's Clinical Encounter - Administrative Notes

original petition
page 5

show Petitioner to have been free of any pathogen-related illness or ailment upon placement in quarantine and not having any medical history of any such ailment and thus inferring FDC Houston as the logical source. Petitioner endured 18 months of pain and suffering in conjunction with the eye infection and repeatedly reported same to all medical personnel; however, after having repeatedly requested copies of his medical records and being pretermitted, it was obvious upon final receipt of those records that Petitioner did notice the omission of his constant reporting of pain -- initially at level 3 or 4 -- but eventually, after months of a worsening condition -- Petitioner stated that his pain was unbearable regard-less of the level.

Respondents' "ignoratio elenchi" is surpassed only by Regional Counsel's "immaterial averment" contained within his Letter of Denial of Administrative Tort Claim, dated March 25, 2022. The Letter does not comport with the facts, in that the swabs and samples taken by medical staff at FDC Houston were corrupted on two occas-ions by their use of the incorrect valve and the third swab was taken while the correct valve was still on order, with the impli-cation the test result is suspect. Petitioner's eye was surgically repaired on 03-25-2022; however, Petitoner did not receive as allged, medical care or the proper medication throughout the duration of his injury. In several instances, weeks and months passed between visits with competent qualified medical professionals wherein FDC Houston's medical staff did not see Petitioner for days and ignoring his firm requests to see a doctor. Petitioner, as of this writing, still has not been provided genus or species of his injury though

original petition
page 6

he has submitted an official request for same. Petitioner's real concern is that in the future, he may have recurring bouts of this illness and should he still be incarcerated, his treatment within the Bureau of Prisons would most likely be the same or an equivalent worse, therein the need for this Cause of Action.

9.    Damages

General Damages          undeclared

Accumulative Damages     $100,000.00

Discretionary Damages    $1,000,000.00

Punitive Damages         $3,000,000.00

10.    Prayer

Petitioner prays that citation and notice issue as required by law and that the Court grant relief and Petitioner prays for such other relief to which Petitioner may show himself to be justly entitled.

Respectfully submitted,

*Patrick Alan Jackson*

Patrick Alan Jackson
Petitioner (pro se)

Reg. 26361-078
FDC Houston
PO Box 526255
Houston, Texas 77052

Patrick Alan Jackson # 26361-078
Federal Detention Center Houston
P.O. box 526255
Houston Tx 77052

United States Courts
Southern District of Texas
FILED

MAY 31 2022

Nathan Ochsner, Clerk of Court

Legal mail
C.M.D.

The Honorable Lynn Hughes
515 Rusk Avenue Room 5300
Houston, Texas 77002

