United States Courts
Southern District of Texas
FILED

OCT 21 2022

Nathan Ochsner, Clerk of Court

PATRICK ALAN JACKSON       UNITED STATES DISTRICT COURT
(PETITIONER)            )
                        )  SOUTHERN DISTRICT
V.                      )
                        )  HOUSTON, TEXAS
UNITED STATES OF AMERICA )  CIVIL ACTION NO: H-22-1767
                        )

---

AMENDED PETITION FOR THE TORTIOUS ACT OF NEGLIGENCE AND BREACH OF DUTY OF CARE CAUSING PERSONAL INJURY, AND ABUSE OF DISCRETIONARY POWER

---

1.   DISCOVERY

Inasmuch as systemic failures (e.g. no typewriter ribbon and limited access to a typewriter) at FDC Houston have hindered Petitioner's ability to adequately and timely prepare this writing and inasmuch as Petitioner is being transferred within days to another facility within BOP, Petitioner did not include Duces Tecum and Interrogatories with this filing. Petitioner will serve Respondents as soon as is practical upon arrival orientation at at the future BOP facility.

2.   PARTIES

This suit is brought by Patrick Alan Jackson, Pro Se, and so brought with the aid of a "Mckenzie Friend".

The last three numbers of Patrick Alan Jackson's Federal ID number are 078.

Thomas Powell, Hiromichi Kobayashi, and Michael Caravajal are employees of the Federal Bureau Of Prisons which is a UNITED STATES AGENCY. Under FTCA, this Court has jurisdiction to hear this matter.

Original Petition
Page 2

Thomas Powell is an employee of the Bureau Of Prisons and serves as the medical HSA at FDC Houston. Hiromichi Kobayashi is an employee at the Bureau Of Prisons and serves as Warden at FDC Houston. Michael Caravajal is the Presidential Appointee who serves as the Director Of Bureau Of Prisons and designated Respondent Superior.

3. DOMICILE
   Petitioner has been domiciliary incarcerated at FDC Houston for the preceding six-month period and a resident of Harris County for the preceding 90-day period.

4. SERVICE
   Process should be served on Respondents at :
   FDC Houston
   1200 Texas Avenue
   Houston, TX 77052

5. JURISDICTION
   Pursuant to the Federal Tort  Claims Act (28 USCA Secs.2671-2680) Federal Districts Courts have Jurisdiction in matters of injury to inmates wherein there are questions of breach of duty of due care and abuse of discretionary power resulting in bodily injury, (torts).

This matter would be heard in State District  Court in Texas had a private person acted in this fashion, liable as medical malpractice.

This issue is sourced by and through circumstances and events "had-and-maintained" at FDC Houston.

Michael Caravajal is vicariously responsible as Respondent Superior and subject to long-arm jurisdiction.

6. DATES:   Dies a Quo  -  (11-18-2020)
            Dies ad Quem - (03-25-2022)

Original Petiotion
Page 3

(Petitioner is within the statutory six-month period inasmuch as the date of denial of Petitioner's Form-95 Claim was on 03-25-2022 )

7. GROUNDS FOR CLAIM

Culpable Negligence; Breach of Duty, Outrageous Conduct;Willful and Wanton Misconduct; Emotional Distress.(Sciendum est) ---

Respondents, by operation of law (18 USCA Secs. 401 et seq.), are directly responsible and vicariously responsible for the day-to-day functions of Health Care at FDC Houston. "Dignitas" is specific and irrefutable; Respondents have a legal duty of due-care to the Petitioner.

Inasmuch as Respondents have the capacity to distinguish between right and wrong sufficient to make Respondents responsible for their actions; and, inasmuch as Respondents had and maintained the power to act in certain circumstances according to their personal judgment and conscience and so do in official capacity; and, inasmuch as the "Petitioner" did appropriately and timely give to Respondents (and so do frequently and on numerous occasions) the Inmate's Request-to-Staff (CopOut);and,inasmuch as Petitioner did also appropriately and timely give to Respondents frequent and numerous Request-for-Informal-Resolution followed by BP-8s and BP-9s; and , in asmuch as Respondents were made aware and became cognizant of Petitioner's eventual desperate need to request help from Pyschology Services due to -- pain and distress so severe --no reasonable person could be expected to endure such pain and distress at that level of intensity--and of greater import, for the unreasonable duration of some Eighteen (18) months;

Original Petition
Page 4

and , inasmuch as throughout the eighteen (!*) month duration and with various Administrative Processes consistently failing to avail Petitioner or provide him hope or promise of resolution of his concerns regarding his deteriorating and humiliating condition, Petitioner began an aggressive program of pursuing medical staff during sick call, pill-line, Friday Staff Mainline, careful never to importune staff; and, inasmuch as Petitioner was constantly met with hostility and in particular, Petitioner was consistently met with contumely and vitriol from Respondent Thomas Powell and to which such callousness placed Petitioner in a depression of spirits and caused feelings of torment and anguish, shame and humiliation, anger, disappointment, worry and nausea tetering on the edge of a zone of pschological danger; Therefore,

Respondents are blameworthy in every fact and circumstance necessary for all and singular constituent elements of Petitioner's Claims of Culpable Negligence, Breach of Duty, Outrageous Conduct ,Willful and Wanton Misconduct, and Emotional Distress.

> (Respondents' behavior imputes absolute "compos mentis"
> in their borderline violation of Federal Rule of Civil
> Procedure, Page 8 (e)(2), intentional infliction of
> emotional distress and negligent infliction based on the
> same conduct.)

8. STATEMENT OF CAUSE OF ACTION

Eye infection,(of unknown viral or bacterial source), from exposure while in quarantine from 10-08-2020 thru 10-28-2020 and to which FDC Houston's Clinical Encounter - Administrative Notes show Petitioner to have been free of any pathongen-related illnes-s or ailment upon placement in quarantine and not having any me-

Original Petition
Page 5

dical history of any such ailment and thus inferring FDC Houston as the logical source. Petitioner endured 18 months of pain and suffering in conjunction with eye infection and repeatedly reported same to all medical personnel; however, after having repeatedly requested copies of his medical records and being pretermitted, it was obvious upon final receipt of those records that Petitioner did notice the omission of his constant reporting of pain -- initially at level 3 or 4 --but eventually, after months of a worsening condition---Petitioner stated that his pain was unbearable regardless of the level.

Respondents' "ignoratio elenchi" is surpassed only by Regional Counsel's "immaterial averment" contained within his letter of Denial of Administrative Tort Claim, dated March 25,2022. The letter does not comport with the facts, in that swabs and samples taken by medical staff at FDC Houston were corrupted on two occasions by their use of the incorrect valve was still on order,with - - - - the implication the test result is suspect. Petitioner's eye was surgically repaired on 03-25-2022; however, Petitioner did not receive as alleged, medical care or the proper medication throughout the duration of his injury. In several instances,weeks months passed between visits with competent qualified medical professionals wherin FDC Houston's medical staff did not see Petitioner for days and ignoring his firm requests to see a doctor. Petitioner, as of this writing, still has not been provided genus or species of his injury though he has submitted an official request for same. Petitioner's real concern is that in the

Original Petition
Page 6

future, he may have recurring bouts of this illness and should he still be incarcerated, his treatment within the Buraeu of Prisons would most likely be the same or an equivalent worse, therin the need for this Cause of Action.

9. DAMAGES

| | |
|---|---|
| General Damages | undeclared |
| Accumulative Damages | $100,000.00 |
| Discretionary Damages | $1,000,000.00 |
| Punitive Damages | $3,000,000.00 |

10. PRAYER

Petitioner prays that citation and notice issue as required by law and that the Court grant relief and Petitioner prays for such other relief to which Petitioner may show himself to be justly entitled.

Respectfully submitted,

Patrick Alan Jackson
Petitioner (Pro Se)

Reg # 26361-078
FDC Houston
P.O.Box 526255
Houston, Texas 77052

Patrick Alan Jackson #26361-078
FCC Beaumont Camp
P.O. box 26010
Beaumont, Tx 77720

United States Court
Southern District of Texas
FILED

OCT 2 1 2022

Nathan Ochsner, Clerk of Court

Clerk
United States District Court
Southern District of Texas
P.O. box 61010
Houston, Texas 77208