IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

AUG 2 9 2024

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| PATRICK ALAN JACKSON, | * | CIVIL ACTION NO.H-22-1767 |
| BOP #26361-078. | * | |
| | | |
| Plaintiff. | * | |
| v. | * | (Lee H. Rosenthal |
| | | |
| WELLPATH, | * | United States District Judge) |
| | | |
| Defendant. | * | |

## PLANTIFF'S AMENDED COMPLAINT

COMES NOW, Patrick Alan Jackson, Plaintiff, Pro se files this amended complaint filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to cure the deficiencies identified in the Court's Order dated May 3, 2024, see docket #30. Courts should freely give leave when justice requires, see Forman v. Paris,371 U.S. 178 (1962). Courts must liberally construe pleading filed by pro se litigants and hold the less stringent standards than formal pleadings drafted by lawyer, see Haines v. Kerner, 404.U.S. 519 (1972).

### I.    Jurisdiction and Venue

This Court has jurisdiction over this action under 28 U.SC. 1331 and 28 U.S.C. 1343. Venue is proper in this District Court under 28 U.SC. 1331 (b), because all claims, events arising in the complaints occurred within the Southern District of Texas- Houston District, more specially, the Federal Detention Center located in Houston, TX (FDC Huston).

### II.    Parties

Plaintiff, Patrick Allan Jackson, BOP# 26361-078, was at the times of the events, and was at all relevant times, a federal prisoner located within Federal Bureau of Prisons (FCOP) facility, FDC Houston, however has been released.

Defendant, Well Path, (contract specialist) who the FBOP contracts with to provide specialty care to inmates, including optometric, ophthalmic, ophthalmologic care, are sued in their individual and or official capacity; and all times acted under color of law.

### II.    Statements of Facts

Plaintiff, a prisoner at the time within FDC Houston, brings forth his Federal Tort Claim Act Petition for the "tortious act of negligence" and breach of duty of care causing personal injury, abuse of negligence. Jackson's Amended complaints alleges "culpable negligence, breach of duty, outrageous conduct, willful and wanton misconduct and emotional distress arising from the medical treatment, or lack thereof, of his right eye infection during his imprisonment.

Jackson argues that an 18-month timeframe passed between his visits within competent qualified medical professionals, and that his repeated request to see a doctor were ignored by WellPath, and its employees.

WellPath, and its employees, are contracted specialists with The Federal Bureau of Prisons, and were solely responsible for scheduling Jackson's treatment for his right eye.

Jackson argues within his Amended Complaint that his injuries suffered while imprisoned were causes by the negligent or wrongful acts or omissions of these WellPath – contract specialist, and employees.

These contract specialists' actions of medical malpractice or negligence, rise to the level of action under the standard of cared owed, against contract employees or specialist under the FCTA for prisoners.

Jackson argues that WellPath and its employees owed said a duty of care, that duty was breached, and as a result of this 18-month breach of duty care, Jackson suffered injuries, which he incorporates and references from paragraph within.

As the United States of America (USA) state in their Motion for Summary Judgement, "WellPath, an independent specialist, were responsible for scheduling Jackson's appointments. See Dkt.19@5. Therefore, the Court has subject matter jurisdiction under the Federal Torts Claim Act 28 U.S.C.}134(b) (FTCA).

Jackson, as required by P.L.R.A., exhausted all required administrative exhaustion grievance processes. Equally, Jackson argues WellPath is liable for claims of culpable negligence, breach of duty, outrageous conduct, willful and wanton misconduct, and emotional distress.

Jackson argues that his timeframe of medical negligence started approximately October 7, 2020, and was seen by a WellPath contract doctor. Upon the initial consultation, WellPath waited over four plus months to schedule an appointment.

On August 19, 2021, at an appointment, Dr. Fontenette diagnosed said with granuloma, and ordered a specimen from Jackson's eye. Another seven months passed and Plaintiff was unable to see or schedule, until January 5, 2022, but the provider refused to see him. Another provider saw Jackson on January 12, 2022. This Dr. Kirkland recommended surgery to correct the outward turning od Jackson's eyelid. After a two-month waiting, Jackson saw Dr. Chaundry on March 07, 2022, who stated Jackson's eye needed surgical repair, this was performed on March 25, 2022.

## IV. Claims for Relief

Count I: Violation of Eighth Amendment Rights (Cruel and Unusual Punishment)

Plaintiff incorporated by reference all preceding paragraphs.

Defendants 'action described herein constitute and unusual punishment in violation of The Eighth Amendment to the United States Constitution.

Count II:        Violation of Fourteenth Amendment Rights (Due Process)

Plaintiff incorporated by reference all preceding paragraphs.

Defendants' actions or omissions described herein deprived Plaintiff of his rights to due process as guaranteed by The Fourteenth Amendment of The United States Constitution.

As a result of the violations of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer from said injuries.

Plaintiff seeks compensatory damages, punitive damages, and other relief deemed appropriate by this Court.

## V. Damages

As a result of the violation of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer from the negligent medical eye care, not provided by WellPath, including physical harm, emotional harm, and financial harm.

Plaintiff seeks compensatory damages, punitive damages, and other relief deemed appropriate by this Court.

## VI. Prayer for Relief

Wherefore, Plaintiff respectfully request that this Court:

A.  Award Plaintiff compensatory damages in an amount determined at trail;
B.  Award Plaintiff punitive damages in an amount to be determined at trail;
C.  Award Plaintiff reasonable paralegal or legal fees and costs pursuant to 42 U.S.C. 1988;
D.  Grant any other relief that the Court deems just proper.

## VII. Jury Demanded

Plaintiff demands a trail on all issues triable.

Respectfully submitted,

*Patrick Alan Jackson*

Patrick Alan Jackson

Pro Se Plaintiff

1819 Commerce Street

Houston, TX 77002

Cellphone: (409) 322-9573

Certificate of Service

I hereby certify that I have delivered an original to the Clerk of Courts office listed below, and mailed a copy to the Defendant's attorney on August 29, 2024 by U.S. mail postage prepaid.

Clerk of the Court

United States District Court

Southern District Court/Houston Division

515 Rusk Street

Houston, TX 77002

Assistant United States Attorneys

Southern District of Texas

1000 Louisiana, Suite 2300

Houston, TX 77002

Patrick A. Jackson

Clerk of the Court                                    August 29,2024

United States District Court

Southern District of Texas

Houston Division

515 Rusk Street

Houston, Texas77002


Re: <u>Civil Action No.4:22-cv01767, Filing of Plaintiff's Amended Complaint</u>


Dear Clerk of Court:

Please file the enclosed motion with your office. Thank you.


Sincerely,


Patrick Alan Jackson

Plaintiff Pro se


Cc: file