IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK ALAN JACKSON, § | |
| BOP # 26361-078 § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-22-1767 |
| § | |
| UNITED STATES, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Patrick Alan Jackson, originally filed this suit while he was a federal inmate in the custody of the Bureau of Prisons. Because Jackson was a prisoner seeking relief under federal law at the time this lawsuit was filed, the court is required to closely examine his claims and dismiss the complaint if it determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c). Based on this review, the court dismisses this action, for the reasons explained below.

**I.    Background**

As noted, Jackson originally filed this suit while he was a federal inmate in the custody of the BOP. In his first amended complaint, he sued the United States under the Federal Tort Claims Act over medical care he received for an eye infection suffered while he was held at the Federal Detention Center in Houston (FDC Houston). (Docket Entry No. 11). He alleged negligence and medical malpractice based on delay in providing him treatment before he received eye surgery that addressed the problem. (*Id.*). The government moved to dismiss or for summary judgment on the grounds that the FTCA does not apply because the acts and omissions alleged were by an independent medical care contractor (WellPath), not FDC Houston, and that the pleadings were

inadequate to state a negligence claim against any of the FDC Houston employees. (Docket Entry No. 19). In his response to the government's motion, Jackson clarified that he is not alleging that he was injured by the acts or omissions of WellPath. Instead, he alleged for the first time that the FDC Houston employees failed to transport him to his medical appointments. (*See* Docket Entry No. 23). Relying on Fifth Circuit law, the court liberally construed Jackson's response to the government's motion, in which he asserted this new allegation, as a motion for leave to amend his complaint. (*See* Docket Entry No. 26). Jackson was given 30 days to file a second amended complaint. (*See id.*). On Jackson's motions for additional time, the court granted him an additional 120 days to file a second amended complaint. (*See* Docket Entry Nos. 28, 30, 33).

In Jackson's second amended complaint, he names only one defendant, WellPath. (Docket Entry No. 34). (*See id.*). Construing the complaint liberally, Jackson asserts claims under the FTCA and the Eighth and Fourteenth Amendments to the United States Constitution.

## II.    The Legal Standards

### A.    Screening Under 28 U.S.C. § 1915A

Because Jackson was a prisoner at the time this lawsuit was filed, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss any part of the case that it determines is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every

doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

### B.     Pleadings from Self-Represented Litigants

Jackson is representing himself.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).

## III.     Discussion

As part of its screening obligation, the court must determine whether it has subject-matter jurisdiction over this case.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A federal court has a duty to examine, at any time during a proceeding, the threshold question of whether it has subject-matter

jurisdiction. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte.*"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A. Claims Asserted Under the FTCA

The FTCA authorizes claims against the United States that arise from "the negligent or wrongful act or omission of any *employee of [a federal] agency* while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2672 (emphasis added). The FTCA defines "federal agency" to exclude "any contractor with the United States." 28 U.S.C. § 2671; *see also Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) (per curiam) ("The FTCA's waiver of sovereign immunity does not extend to negligent acts of independent contractors."); *Peacock v. United States*, 597 F.3d 654, 659 (5th Cir. 2010) ("Consent to be sued does not extend to the acts of independent contractors working for the Government."); *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998). If the challenged actions were committed by employees of a private contractor rather than by employees of a federal agency, the court must dismiss the action for lack of subject-matter jurisdiction. *See Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993).

Jackson alleges that WellPath employees negligently ignored his repeated requests to see an eye doctor, that they did not timely schedule eye doctor appointments, and that several months passed between medical appointments. (Docket Entry No. 34 at 2–3). WellPath contracts with the federal government to provide services and is not itself a federal agency. The FTCA's waiver of sovereign immunity does not extend to the negligent acts of employees of private companies

that contract with the federal government. *See, e.g., Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010); *Peacock*, 597 F.3d at 659. In addition, the FTCA does not authorize suit against private contractors. *See, e.g., Menteer v. Applebee*, 196 F. App'x 624, 626–27 (10th Cir. 2006) (affirming the dismissal of an FTCA claim against a company that contracted with the United States Marshals Service to operate private prisons because the company was an independent contractor); *Malachowski v. United States*, No. 1:20-cv-00190-BU, 2023 WL 3119680, at *12 (N.D. Tex. Feb. 9, 2023) (dismissing an FTCA claim against the GEO Group, an independent contractor, because the FTCA does not waive sovereign immunity for the acts of independent contractors that contract with the United States). Actions under the FTCA against private contractors must be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Jasper v. Fed. Emergency Mgmt. Agency*, 414 F. App'x 649, 650 (5th Cir. 2011) (affirming the district court's dismissal of a lawsuit after determining that the independent-contractor exception to the FTCA divested the court of subject-matter jurisdiction); *Krembel v. United States*, 837 F. App'x 943, 947 (4th Cir. 2020) ("If the independent contractor or discretionary function exceptions apply to an FTCA claim, then the presiding court lacks subject matter jurisdiction to hear the claim.").

Jackson's claim against WellPath is dismissed based on a lack of subject-matter jurisdiction. This dismissal is without prejudice to any right Jackson may have to bring an action for the alleged negligence of WellPath in the Texas state courts.

### B. Constitutional Claims

Jackson also asserts constitutional claims under 42 U.S.C. § 1983 against WellPath. (*See* Docket Entry No. 34 at 3). These claims must also be dismissed. To state a claim under 42 U.S.C. § 1983, "a plaintiff must first show a violation of the Constitution or of federal laws and then show that the violation was committed by someone acting under color of state law." *Turner v. Lt. Driver*,

848 F.3d 678, 685 (5th Cir. 2017) (citing *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005)).  The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 937 (1982).  "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, a state official or employee, who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the state." *Id.*  Jackson does not allege or point to facts showing that WellPath is a state actor for the purpose of stating a claim under § 1983.  Because Jackson has failed to state a claim for which relief may be granted against WellPath, these claims will be dismissed under 42 U.S.C. § 1997e(c).[1]

## IV.  Conclusion

The constitutional claims against WellPath contained in the second amended complaint are dismissed with prejudice.  The state-law claims against WellPath contained in the second amended complaint are dismissed without prejudice to any right Jackson may have to bring an action against WellPath in state court.  Any pending motions are denied as moot.  An order of dismissal and final judgment will be separately entered.

SIGNED on April 4, 2025, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

---

[1] Moreover, even if WellPath were found to be a state actor for purposes of § 1983 liability, the factual allegations contained in the second amended complaint do not rise to the level of a constitutional violation.  Jackson's allegations do not indicate that any WellPath employee was deliberately indifferent to Jackson's medical needs.  Only deliberate indifference will suffice to state a claim under the Eighth Amendment; mere inadvertence or negligence is not sufficient. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).  Jackson's allegations sound in negligence, but the facts he alleges are insufficient to show deliberate indifference or to state a claim under § 1983.